1  Chant Yedalian (*Pro Hac Vice* pending)*
   **CHANT & COMPANY**
2  **A Professional Law Corporation**
   1010 N. Central Ave.
3  Glendale, CA 91202
   Phone: 877.574.7100
4  Fax: 877.574.9411

5  Kenneth M. Roberts
   Nevada State Bar No. 4729
6  **DEMPSEY, ROBERTS & SMITH, LTD.**
   1130 Wigwam Parkway
7  Henderson, NV 89074
   Phone: 702.388.1216
8  Fax: 702.388.2514
   *Counsel for Plaintiffs*
9

10                 **UNITED STATES DISTRICT COURT**

11                      **DISTRICT OF NEVADA**

12  MARK KALLING, on behalf of himself      )    Case No.
    and all others similarly situated,      )
13                                          )
                    Plaintiff,              )    **CLASS ACTION COMPLAINT**
14                                          )
    v.                                      )    **JURY DEMAND**
15                                          )
    CANNERY CASINO RESORTS, LLC             )    [15 U.S.C. §§ 1681 *et seq.*]
16  (d/b/a Cannery Casino Hotel)(d/b/a Cannery )
    Casino & Hotel); and DOES 1 through 100, )
17  inclusive,                              )
                                            )
18                  Defendants.             )
                                            )
19  _____

20

21

           Plaintiff, by his counsel of record, brings this action on his own behalf and on behalf of all
22
    others similarly situated, and alleges the following upon personal knowledge, or where there is not
23
    personal knowledge, upon information and belief:
24

25

26  _____

    * Counsel will comply with LR IA 11-2 within 45 days.
27

28

    COMPLAINT AND DEMAND FOR JURY TRIAL

## I.   JURISDICTION AND VENUE

1.     This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 168lp.

2.     Plaintiff on behalf of himself and all others similarly situated brings this action against CANNERY CASINO RESORTS, LLC (d/b/a Cannery Casino Hotel)(d/b/a Cannery Casino & Hotel); and DOES 1 through 100, (the named defendant and DOE defendants are collectively referred to as "Defendants") based on Defendants' violations of the Fair and Accurate Credit Transactions Act ("FACTA"), 15 U.S.C. §§ 1681 *et seq.*

3.     Plaintiff's claims asserted herein arose in this judicial district and all Defendants do business in and reside in this judicial district.

4.     Venue in this judicial district is proper under 28 U.S.C. § 1391(b) and (c) in that each of the Defendants has done and continues to do business, and intentionally avails itself of the markets within this district, including Clark County, Nevada, each owns, manages, maintains and or operates several physical locations within this district, and this is a class action case in which a substantial part of the acts and omissions giving rise to the claims occurred within this judicial district, including North Las Vegas, Nevada.

## II.   FACTA

5.     FACTA provides in relevant that "**no person** that accepts credit cards or debit cards for the transaction of business **shall print more than the last 5 digits of the card number** . . . **upon any receipt provided to the cardholder** at the point of the sale or transaction" 15 U.S.C. § 1681c(g) (emphasis added).

6.     The FACTA law gave merchants who accept credit and/or debit cards up to three years to comply with its requirements, requiring full compliance with its provisions no later than December 4, 2006.  Although Defendants had up to three years to comply, Defendants have willfully violated this law and failed to protect Plaintiff and others similarly situated against identity theft and credit and debit card fraud by printing more than the last 5 digits of the card number and the name of the cardholder on receipts provided to credit card and debit card

- 2 -

1  cardholders transacting business with Defendants.  More specifically, Defendants printed the first
2  4 digits and the last 4 digits of the credit and/or debit card number, together with cardholder name,
3  on credit and/or debit card receipts.  This conduct is in direct violation of FACTA.

4      7.    Nor is Defendants' willful violation of FACTA a trifling matter.  In the statement
5  provided during his signing of FACTA in 2003, the President underscored the importance of the
6  legislation in combating rampant identity theft:

7      "This bill also confronts the problem of identity theft. A growing number of
8      Americans are victimized by criminals who assume their identities and cause havoc
9      in their financial affairs. With this legislation, the Federal Government is protecting
10     our citizens by taking the offensive against identity theft."

11     8.    Courts have likewise emphasized the purpose of FACTA.  For example, the Ninth
12  Circuit recently emphasized that "[i]n fashioning FACTA, Congress aimed to 'restrict the amount
13  of information available to identity thieves.'"  *Bateman v. American Multi-Cinema, Inc.*, 623 F.3d
14  708, 718 (9th Cir. 2010) (quoting 149 Cong. Rec. 26,891 (2003) (statement of Sen. Shelby)).

15     9.    Similarly, the Seventh Circuit recently explained the "Identity theft is a serious
16  problem, and FACTA is a serious congressional effort to combat it."  *Redman v. Radioshack*
17  *Corp.*, 768 F.3d 622, 639 (7th Cir. 2014).

18     10.   Moreover, despite many defendants' attempts to label FACTA violations as
19  "technical," the Ninth Circuit has squarely rejected such arguments and held that such a violation
20  "is not merely 'technical.'"  *Bateman*, 623 F.3d at 714 and n.4.  Plaintiff's situation is exactly the
21  scenario Congress sought to avoid by passing FACTA.

22     11.   Further, by printing the first 4 and last 4 digits of the card number on the receipts
23  provided to Plaintiff and other credit card and/or debit card cardholders transacting business with
24  Defendants, together with the name of the cardholder, Defendants have harmed Plaintiff and the
25  Class by exposing them to at least an increased and material risk of identity theft and credit and/or
26  debit card fraud.

27     12.   For example, the first 4 and last 4 digits of the card number either alone and/or in
28  conjunction with the cardholder's name can be used to bolster the credibility of a criminal who is

COMPLAINT AND DEMAND FOR JURY TRIAL

1  making pretext calls to a card holder or engaging in e-mail phishing scams in order to learn other

2  personal confidential financial information.

3       13.    The first 4 digits of a credit card number are significant for a number of other

4  reasons. For example, the credit card industry uses an algorithm (hereinafter referred to as "Card

5  Industry Algorithm") to check the validity of a credit card number. The Card Industry Algorithm

6  assesses the digits of a credit card number (including the first 4 digits) to verify whether the digits

7  used and their particular sequence result in a valid card number. If a number in an otherwise valid

8  credit card number is changed (for example the first digit 4 is changed to a 5 or some other digit)

9  the Card Industry Algorithm will confirm that it is not a valid card number. Similarly if a digit in

10  a credit card number is transposed with any other different digit (for example, suppose the first

11  digit of the card number is a 4 and it is transposed with one of the last four digits of the card

12  number which is a 6) the Card Industry Algorithm will confirm that it is not a valid card number.

13  The first 4 digits of a credit card number are thus critically important to ensure that that the Card

14  Industry Algorithm functions correctly.

15       14.    As the Unites States Government explained in its brief in support of FACTA's

16  truncation provisions filed in *Papazian v. Burberry Ltd.*, 2:07-cv-01479-GPS-RZ (C.D. Cal.):

17  "Congress' decision to protect both card numbers and expiration dates from inadvertent disclosure

18  through discarded sales receipts, as many states had already done, directly serves the interest

19  Congress sought to protect" particularly since "***Thieves might piece together (or 'pick off,' in the***

20  ***words*** of Congress) different bits of information from different sources." U.S. Brief at pp. 13-16;

21  see also intervention by United States in *Harris v. Mexican Specialty Foods, Inc.*, 564 F.3d 1301,

22  1307 (11th Cir. 2009).

23       15.    Nor is this harm made harmless when the risk fails to materialize because no

24  potential identity thief actually sees the receipt. Even in this situation, the consumer (such as

25  Plaintiff and Class members) must take additional steps to ensure the safety of his or her identity;

26  he or she may not simply crumple the receipt and throw it into a nearby trash can, but must review

27  it to assess what was printed, hold on to it, and perhaps shred it or cut it up later. The additional

28  inconvenience that a consumer must undertake in order to secure their own rights, when a statute

1    places that burden on Defendants, is surely a concrete harm. *Deschaaf v. American Valet &*

2    *Limousine, Inc.*, Case No. 2:16-cv-03464-GMS, 2017 WL 610522 *4 (D. Ariz. Feb. 15, 2017).

3    "As the Seventh Circuit observed, this is why statutory damages exist. Some harms—'a modest

4    concern about privacy, a slight chance that information would leak out and lead to identity theft'—

5    are not easy to quantify, at least in any appreciable dollar amount. See *Murray v. GMAC Mortg.*

6    *Corp.*, 434 F.3d 948, 953 (7th Cir. 2006). But even if they give rise to no actual *damages*, they are

7    still actual *harms*." *Deschaaf*, 2017 WL 610522 at *4 and n. 7. "Allowing consumers to recover

8    statutory damages furthers [the congressional purpose of keeping information out of the hands of

9    identity thieves] by deterring *businesses* from willfully making consumer financial data available,

10   even where no actual harm results." *Deschaaf*, 2017 WL 610522 at *4 and n. 8 (alterations in

11   original), quoting *Bateman v. American Multi-Cinema, Inc.*, 623 F.3d 708, 718 (9th Cir. 2010).

12           16.     In sum, Defendants have violated FACTA, and have thereby placed the security of

13   Plaintiff and similarly situated Class members at material risk.  As a result of Defendants'

14   unlawful practice of violating FACTA's provisions intended to safeguard against identity theft and

15   credit and debit card fraud, Plaintiff seeks, on behalf of himself and the Class, statutory damages,

16   punitive damages, costs and attorney fees, all of which are expressly made available by statute, 15

17   U.S.C. §§ 1681 *et seq.*

18

19   **III.    PARTIES**

20           17.     Plaintiff, MARK KALLING, is and at all times relevant hereto was a resident of

21   the State of Nevada.

22           18.     Defendant CANNERY CASINO RESORTS, LLC (d/b/a Cannery Casino

23   Hotel)(d/b/a Cannery Casino & Hotel) is a limited liability company organized and existing under

24   the laws of the State of Nevada.  CANNERY CASINO RESORTS, LLC (d/b/a Cannery Casino

25   Hotel)(d/b/a Cannery Casino & Hotel) owns, manages, maintains and/or operates casinos and

26   other physical locations within this district, offering services and products for sale to the public.

27

28

- 5 -

COMPLAINT AND DEMAND FOR JURY TRIAL

19.    At all times mentioned in this Complaint, Defendants and each of them were the agents, employees, joint venturer, and/or partners of each other and were acting within the course and scope of such agency, employment, joint venturer and/or partnership relationship and/or each of the Defendants ratified and or authorized the conduct of each of the other Defendants.

20.    Plaintiff does not know the true names and capacities of defendants sued herein as DOES 1 through 100, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff is informed and believes that each of the DOE defendants was in some manner legally responsible for the wrongful and unlawful conduct and harm alleged herein.  Plaintiff will amend this Complaint to set forth the true names and capacities of these defendants when they have been ascertained, along with appropriate charging allegations.

## IV.    CLASS ACTION ALLEGATIONS

21.    Plaintiff brings this class action on behalf of himself and all other persons similarly situated pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure.

22.    The class which Plaintiff seeks to represent is defined as:

All consumers to whom, within two years from the date of filing this action, Defendants provided an electronically printed receipt at the point of a sale or transaction, on which receipt was printed the first four digits and the last four digits of the consumer's credit card or debit card (the "Class").[1]

23.    Excluded from the Class are Defendants and each of their directors, officers, and employees.  Also excluded from the Class are any justice, judge, or magistrate judge assigned to this action or who presides over any proceeding concerning this action, and any such justice's, judge's, or magistrate judge's spouse, or a person within the third degree of relationship to any of them, or the spouse of such a person.

---

[1] Plaintiff reserves the right to amend or otherwise modify the Class definition and/or add subclasses.

COMPLAINT AND DEMAND FOR JURY TRIAL

24.    Numerosity (Fed. R. Civ. P. 23(a)(1)):  The Class is so numerous that joinder of all individual members in one action would be impracticable.  The disposition of their claims through this class action will benefit both the parties and this Court.

25.    Plaintiff is informed and believes and thereon allege that there are, at a minimum, thousands (*i.e.*, two thousand or more) of members that comprise the Class.

26.    The exact size of the Class and identities of individual members thereof are ascertainable through Defendants' records, including but not limited to Defendants' sales and transaction records.

27.    Members of the Class may be notified of the pendency of this action by techniques and forms commonly used in class actions, such as by published notice, e-mail notice, website notice, first-class mail, or combinations thereof, or by other methods suitable to the Class and deemed necessary and or appropriate by the Court.

28.    Typicality (Fed. R. Civ. P. 23(a)(3)): Plaintiff's claims are typical of the claims of the entire Class.  The claims of Plaintiff and members of the Class are based on the same legal theories and arise from the same unlawful conduct.

29.    Plaintiff and members of the Class were each customers of Defendants, each having made a purchase or transacted other business with Defendants within two years from the date of filing this action, using a credit card and/or debit card.  At the point of such sale or transaction with Plaintiff and members of the Class, Defendants provided to Plaintiff and each member of the Class a receipt in violation of 15 U.S.C. §1681c(g) (*i.e.*, a receipt on which is printed more than the last 5 digits of the credit card or debit card; specifically the first four digits and the last four digits of the card number).

30.    Common Questions of Fact and Law (Fed. R. Civ. P. 23(a)(2) and (b)(3)):  There are a well-defined community of interest and common questions of fact and law affecting the members of the Class.

31.    The questions of fact and law common to the Class predominate over questions which may affect individual members and include the following:

- 7 -

(a)     Whether the conduct of providing Plaintiff and the Class with sales or transaction receipts whereon was printed more than the last 5 digits of the card violated the FACTA, 15 U.S.C. §§ 1681 *et seq.*;

(b)     Whether Defendants' conduct was willful; and

(c)     Whether Plaintiff and the Class are entitled to statutory damages, punitive damages, costs and/or attorney fees for Defendants' acts and conduct.

32.     <u>Adequacy of Representation</u> (Fed. R. Civ. P. 23(a)(4)):  Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class which Plaintiff seeks to represent.  Plaintiff will fairly, adequately, and vigorously represent and protect the interests of the Class and has no interests antagonistic to the Class.  Plaintiff has retained counsel who is competent and experienced in the prosecution of class action litigation.

33.     <u>Superiority</u> (Fed. R. Civ. P. 23(b)(1) and 23(b)(3)):  A class action is superior to other available means for the fair and efficient adjudication of the claims of the Class.  While the aggregate damages which may be and if awarded to the Class are likely to be substantial, the actual damages suffered by individual members of the Class are relatively small.  As a result, the expense and burden of individual litigation makes it economically infeasible and procedurally impracticable for each member of the Class to individually seek redress for the wrongs done to them.  The likelihood of individual Class members prosecuting separate claims is remote.  Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would increase the delay and expense to all parties and the court system resulting from multiple trials of the same factual issues.  In contrast, the conduct of this matter as a class action presents fewer management difficulties, conserves the resources of the parties and the court system, and would protect the rights of each member of the Class.  Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

//

//

//

- 8 -

**FIRST CAUSE OF ACTION**

**For Violation of 15 U.S.C. §§ 1681 *et seq.***

**(On Behalf of Plaintiff and the Class**

**as against all Defendants including DOES 1 through 100)**

34.    Plaintiff hereby incorporates by reference the allegations contained in this Complaint.

35.    Plaintiff asserts this claim on behalf of himself and the Class against Defendants and each of them.

36.    Title 15 U.S.C. § 1681c(g)(1) provides that:

"**no person** that accepts credit cards or debit cards for the transaction of business **shall print more than the last 5 digits of the card number** _or_ the expiration date **upon any receipt provided to the cardholder** at the point of the sale or transaction."

37.    By its express terms, 15 U.S.C. § 1681c(g)(1) applies to "any cash register or other machine or device that electronically prints receipts for credit card or debit card transactions" after December 3, 2006 (15 U.S.C. § 1681c(g)(3)).

38.    Defendants transact business in the United States and accept credit cards and/or debit cards in the course of transacting business with persons such as Plaintiff and members of the Class.  In transacting such business, Defendants use cash registers and/or other machines or devices that electronically print receipts for credit card and/or debit card transactions.

39.    After December 3, 2006, and within two years from the date of filing this action, Defendants, at the point of a sale or transaction with Plaintiff MARK KALLING, provided Plaintiff MARK KALLING with one or more electronically printed receipts on which Defendants printed more than the last 5 digits of his debit or credit card number (more specifically Defendants printed the first 4 digits and last 4 digits of the card number) and his name as it appears on his card.

40.    After December 3, 2006, and within two years from the date of filing this action, Defendants, at the point of a sale or transaction with members of the Class, provided each member

COMPLAINT AND DEMAND FOR JURY TRIAL

of the Class with one or more electronically printed receipts on which Defendants printed, for each respective Class member, more than the last 5 digits of their debit or credit card number (more specifically Defendants printed the first 4 digits and last 4 digits of the card number) and their name as it appears on the card.

41.     As set forth above, FACTA was enacted in 2003 and gave merchants who accept credit and/or debit cards up to three years to comply with its requirements, requiring full compliance with its provisions no later than December 4, 2006.

42.     Defendants and each of them knew of and were well informed about the law, including specifically FACTA's requirements concerning the truncation of credit and debit card numbers and prohibition on the printing of expiration dates.

43.     For example, but without limitation, several years ago, VISA, MasterCard, the PCI Security Standards Council (a consortium founded by VISA, MasterCard, Discover, American Express and JCB), companies that sell cash register and other devices for the processing of credit or debit card payments, companies that sell software to operate payment card devices, companies that maintain and repair hardware or software used to process payment card transactions, and other entities informed Defendants and each of them about FACTA, including its specific requirements concerning the truncation of credit and debit card numbers and prohibition on the printing of expiration dates, and Defendants' need to comply with same.

44.     Other entities, including but not limited to Defendants' merchant bank (also known as the acquiring bank or acquirer) which processes credit and debit card payments for Defendants, likewise informed Defendants about FACTA, including its specific requirements concerning the truncation of credit and debit card numbers and prohibition on the printing of expiration dates, and Defendants' need to comply with same.

45.     In addition, many companies such as VISA and MasterCard devised and implemented policies well before the operative date of FACTA's requirements, wherein such policies VISA, MasterCard and others required Defendants (and informed Defendants of the requirements) to truncate credit and debit card numbers and prevent the printing of expiration dates on receipts.    In addition, these companies also publically announced some of these

1 requirements. For example, on March 6, 2003, VISA USA's CEO, Carl Pascarella, held a press

2 conference on Capitol Hill with Senators Dianne Feinstein, Judd Gregg, Jon Corzine and Patrick

3 Leahy, and publically announced Visa USA's new truncation policy to protect consumers from

4 identity theft. At the March 2003 press conference, Mr. Pascarella explained, as follows:

5        "Today, I am proud to announce an additional measure to combat identity

6        theft and protect consumers. **Our new receipt truncation policy will soon limit**

7        **cardholder information on receipts to the last four digits of their accounts.**

8        The card's expiration date will be eliminated from receipts altogether. This is an

9        added security measure for consumers that doesn't require any action by the

10        cardholder. We are proud to be the first payments brand to announce such a move

11        to protect cardholders' identities by restricting access to their account information

12        on receipts.

13        **The first phase of this new policy goes into effect July 1, 2003 for all**

14        **new terminals.** I would like to add, however, that even before this policy goes into

15        effect, **many merchants have already voluntarily begun truncating receipts,**

16        **thanks to groundwork that we began together several years ago.**

17        Receipt truncation is good news for consumers, and bad news for identity

18        thieves. Identity thieves thrive on discarded receipts and documents containing

19        consumers' information such as payment account numbers, addresses, Social

20        Security numbers, and more. Visa's new policy will protect consumers by limiting

21        the information these thieves can access." (Statements made by VISA USA's CEO,

22        Carl Pascarella at a March 6, 2003 press conference held at Capitol Hill with

23        Senators Dianne Feinstein, Judd Gregg, Jon Corzine and Patrick Leahy.)

24        46.    Moreover, the Government, through the Federal Trade Commission ("FTC"),

25 provided notice to businesses on no less than three separate occasions in 2007 reminding them of

26 the requirement to truncate credit and debit card information on receipts. Defendants were

27 informed of and knew about these notices from the FTC. In one such notice, entitled "FTC

28 Business Alert" "Slip Showing? Federal Law Requires All Businesses to Truncate Credit Card

- 11 -

1  Information on Receipts," and dated May 2007, the FTC reminded businesses, among other things,

2  of the following:

3          "What's on the credit and debit card receipts you give your customers?  The

4      Federal Trade Commission (FTC), the nation's consumer protection agency, says

5      it's time for companies to check their receipts and make sure they're complying

6      with a law that's been in effect for all businesses since December 1, 2006.

7          According to the federal Fair and Accurate Credit Transaction Act

8      (FACTA), the electronically printed credit and debit card receipts you give your

9      customers must shorten — or truncate — the account information.  **You may**

10     **include no more than the last five digits of the card number**, and you must

11     delete the card's expiration date.  For example, a receipt that truncates the credit

12     card number and deletes the expiration date could look like this:

13                  ACCT:***********12345

14                  EXP:****

15         Why is it important for businesses to make sure they're complying with this

16     law?  Credit card numbers on sales receipts are a 'golden ticket' for fraudsters and

17     identity thieves.  Savvy businesses appreciate the importance of protecting their

18     customers — and themselves — from credit card crime."

19         47.    Defendants also knew that their electronic receipt printing equipment (inclusive of

20  software and other codes) were configured and/or otherwise outdated such that they would print

21  and were printing receipts that displayed more than the last 5 digits of the card number printed on

22  each customer's receipt in violation of FACTA.  Despite this knowledge, Defendants decided to

23  forego and otherwise avoid the expense, time and other resources required to properly configure

24  and update their electronic receipt printing equipment (inclusive of software and other codes) such

25  that they would not print information (such as more than the last 5 digits of the card number)

26  prohibited by FACTA.  Thus, Defendants' violations of FACTA were not accidental oversights,

27  but were a means of avoiding the additional expense, time, and other resources required to

28  properly configure and otherwise update their electronic receipt printing equipment.

COMPLAINT AND DEMAND FOR JURY TRIAL

48.    As set forth above, Defendants put their own interests ahead of and instead of their customers' rights under FACTA.

49.    Thus, despite knowing and being repeatedly informed about FACTA and the importance of truncating credit and debit card numbers and preventing the printing of expiration dates on receipts, and despite having had many years to comply with FACTA's requirements, Defendants and each of them knowingly, willfully, intentionally, and recklessly violated FACTA's requirements by, *inter alia*, printing more than the last 5 digits of the card number upon the receipts provided to the cardholders with whom they transact business.

50.    Many of Defendants' other business peers and competitors brought their credit and debit card receipt printing processes in compliance with FACTA's requirements by, for example, doing things such as programming their card machines and devices to prevent them from printing more than the last five digits of the card number upon the receipts provided to the cardholders. Defendants could have readily done the same.

51.    Instead, Defendants knowingly, willfully, intentionally, and recklessly disregarded FACTA's requirements and used cash registers and or other machines or devices that printed receipts in violation of FACTA.

52.    Defendants knowingly, willfully, intentionally, and recklessly violated FACTA in conscious disregard of the rights of Plaintiff and the Class.

53.    Defendants have also harmed Plaintiff and the Class by exposing them to at least an increased risk of identity theft and credit and or debit card fraud.

54.    As a result of Defendants' willful violations of FACTA, Defendants are liable to Plaintiff and each member of the Class in the statutory damage amount of "not less than $100 and not more than $1,000" for each violation.  15 U.S.C. § 1681n.

//

//

//

//

//

<b><u>PRAYER FOR RELIEF</u></b>

WHEREFORE, Plaintiff prays for:

1.      An order certifying the Class and appointing Plaintiff as the representative of the Class, and appointing counsel of record for Plaintiff as counsel for the Class;

2.      An award to Plaintiff and the Class of statutory damages pursuant to 15 U.S.C. § 1681n for Defendants' willful violations (up to but not exceeding the fullest extent allowed under the Constitution of the United States);

3.      An award to Plaintiff and the Class of punitive damages pursuant to 15 U.S.C. § 1681n (up to but not exceeding the fullest extent allowed under the Constitution of the United States);

4.      Payment of costs of suit herein incurred pursuant to, *inter alia*, 15 U.S.C. § 1681n;

5.      Payment of reasonable attorney's fees pursuant to, *inter alia*, 15 U.S.C. § 1681n; and

6.      For such other and further relief as the Court may deem proper.

Date: October 3, 2017                    By: /S/ Kenneth M. Roberts

                                      Chant Yedalian (*Pro Hac Vice* pending)[2]
CHANT & COMPANY
A Professional Law Corporation
1010 N. Central Ave.
Glendale, CA 91202
Phone: 877.574.7100
Fax: 877.574.9411
Email: chant@chant.mobi

Kenneth M. Roberts
Nevada State Bar No. 4729
DEMPSEY, ROBERTS & SMITH, LTD.
1130 Wigwam Parkway
Henderson, NV 89074
Phone: 702.388.1216
Fax: 702.388.2514
Email: kenroberts@drsltd.com

Counsel for Plaintiff

---

[2] Counsel will comply with LR IA 11-2 within 45 days.

COMPLAINT AND DEMAND FOR JURY TRIAL

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all claims so triable.

Date: October 3, 2017                    By: /S/ Kenneth M. Roberts

                                            Chant Yedalian (*Pro Hac Vice* pending)
                                            CHANT & COMPANY
                                            A Professional Law Corporation
                                            1010 N. Central Ave.
                                            Glendale, CA 91202
                                            Phone: 877.574.7100
                                            Fax: 877.574.9411
                                            Email: chant@chant.mobi

                                            Kenneth M. Roberts
                                            Nevada State Bar No. 4729
                                            DEMPSEY, ROBERTS & SMITH, LTD.
                                            1130 Wigwam Parkway
                                            Henderson, NV  89074
                                            Phone: 702.388.1216
                                            Fax: 702.388.2514
                                            Email: kenroberts@drsltd.com

                                            Counsel for Plaintiff