UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MARK KALLING,

          Plaintiff(s),

vs.

CANNERY CASINO RESORTS, LLC,

          Defendant(s).

Case No. 2:17-cv-02592-JCM-NJK

ORDER

(Docket No. 15)

Pending before the Court is the parties' joint status report. Docket No. 15. For the reasons discussed more fully below, the request to stay discovery is **DENIED**. Docket No. 15.

Courts have broad discretionary power to control discovery. *See, e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir.1988). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011). In deciding whether to grant a stay of discovery, the Court is guided by the objectives of Rule 1 to ensure a just, speedy, and inexpensive determination of every action. *Id.* at 602-03. Motions to stay discovery pending resolution of a dispositive motion may be granted when: (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion to evaluate the likelihood of dismissal. *See Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013). A party seeking to stay discovery pending resolution of a potentially dispositive motion bears the burden of establishing that discovery should be

stayed. *See Kabo Tools Co. v. Porauto Indus. Co., Ltd.*, 2013 U.S. Dist. Lexis 156928, *1 (D. Nev. Oct. 31, 2013) (citing *Holiday Sys., Int'l of Nev. v. Vivarelli, Scharwz, and Assocs.*, 2012 U.S. Dist. Lexis 125542, *5 (D. Nev. Sept. 5, 2012)).

On March 27, 2018, the Court granted the parties' request to extend the stay of discovery 30 days to facilitate settlement discussions. Docket No. 14. In the instant joint status report, the parties submit that, although they have not reached a resolution, they are still engaged in settlement discussions. Docket No. 15. The parties further submit that Defendant intends to respond to Plaintiff's complaint by May 17, 2018, by filing a motion to dismiss. *Id.* The parties request a stay of discovery pending resolution of Defendant's motion to dismiss. *Id.* at 2.

The Court finds that a stay of discovery is not appropriate in this case. Most significantly, the Court cannot issue an order based on a hypothetical filing. *See* Docket. It bears repeating that the filing of a non-frivolous dispositive motion, standing alone, is simply not enough to warrant staying discovery. *See, e.g.*, *Tradebay*, 278 F.R.D. at 603. Instead, the Court must be "convinced" that the dispositive motion will be granted. *See, e.g., id.* "That standard is not easily met." *Kor Media*, 294 F.R.D. at 583. "[T]here must be *no question* in the court's mind that the dispositive motion will prevail, and therefore, discovery is a waste of effort." *Id.* (quoting *Trazka v. Int'l Game Tech.*, 2011 U.S. Dist. LEXIS 39275, *8 (D. Nev. Mar. 29, 2011)) (emphasis in original). The Court requires this robust showing that the dispositive motion will succeed because applying a lower standard would likely result in unnecessary delay in many cases. *Id.* (quoting *Traska*, 2011 U.S. Dist. LEXIS 39275, at *10).

For the reasons discussed above, the Court **DENIES** the parties' request to stay discovery. Docket No. 15.

IT IS SO ORDERED.

DATED: April 27, 2018

_____
NANCY J. KOPPE
United States Magistrate Judge